UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JACOB MILLER | Criminal No. 25-MJ-3059 (KAR) |

GOVERNMENT'S MEMORANDUM IN SUPPORTS OF ITS
MOTION FOR PRETRIAL DETENTION OF DEFENDANT

The United States of America, by and through its undersigned counsel ("the Government"), respectfully submits this memorandum in support of its motion for the pretrial detention of defendant Jacob D. Miller ("the defendant" or "Miller").

1. Preliminary Statement

On February 9, 2004, Miller was convicted state felony offenses in two related cases in Hampshire Superior Court and sentenced to a total of two and one-half years in a House of Correction and ten years of probation. On April 8, 2024, federal agents executed a search warrant at Miller's residence and seized, among other things, fifty rounds of ammunition from his bedside table and six firearms from a safe in his hallway closet. Federal agents left behind a large collection of radiological and chemical materials that were not responsive to the search warrant, but photographed and inventoried these items, which were also observed by members of the Massachusetts Department of Environmental Protection ("MassDEP"), who were present for the search.

On April 9, 2025, United States Magistrate Judge Katherine A. Robertson conducted Miller's initial appearance. The Government informed the Court that based on the materials

1

known to be present Miller's residence, "MassDEP is greatly concerned about potential impacts to public safety. Accidental release, breaking of containers, mixing of incompatible or reactive chemicals and or a fire at the residence pose a serious risk to public safety. MassDEP strongly urges a full and comprehensive evaluation at the residence and removal of any remaining hazardous chemicals." The Court ordered that Miller be released subject to pretrial conditions, including the condition that Miller consent to MassDEP's examination of his residence and removal of any hazardous materials. The Court also permitted Miller to return to his residence for the sole purpose of retrieving clothing and his cat. D.9, 11.

Because Miller appears to have removed, or caused to be removed, certain hazardous substances, either after the FBI's search of his residence on April 8, 2025 or after his initial appearance on April 9, 2025, and appears to have lied to the MassDEP concerning at least one highly dangerous substance that he was storing at his house on April 10, 2025 he should be detained as a danger to the community pursuant to 18 U.S.C. § 3142(e).

    2.    <u>Factual Background</u>

        a.    <u>Miller's Prior Felony Convictions</u>

On February 9, 2024, Miller was convicted of one count of possession of child pornography in Hampshire Superior Court Docket No. 03107 and was convicted of two counts of possession of an explosive device in Hampshire Superior Court Docket No. 03015B and 03015D. On February 13, 2004, Miller was sentenced in the first case to seven years of probation and sentenced in the second case to serve two and one-half years in a House of Correction for the first count and to ten years of probation, concurrent with his sentence in Docket No. 03107, for the second count. On April 7, 2012, he was found in violation of probation and his term was extended to April 7, 2019. On January 26, 2018, his probation was terminated. D.4, Affidavit of FBI Special Agent Dustin

Farivar in Support of Criminal Complaint (the "Farivar Affidavit"), ¶ 6.

      b.     <u>Miller's Unlawful Possession of Firearms</u>

Based upon an Affidavit by FBI Special Agent Derek Boucher, on April 5, 2025, United States Magistrate Judge Katherine A. Robertson issued warrants to search, among other premises, the residence of Miller (the "Miller Residence"). Docket Nos. 25-mj-3053-KAR to 25-mj-3057-KAR. On April 8, 2025 at approximately 6:00 a.m., members of the FBI executed the search warrant for the Miller Residence. Farivar Affidavit, ¶ 7.

During the execution of the search warrant, FBI agents located a box of approximately fifty rounds of Federal brand, American Eagle .45 auto, 230 grain ammunition inside the bedside table of Miller's bedroom. *Id.*, ¶¶ 9-10. FBI agents also located in a hallway closet safe the following six firearms:

      a.     Remington Model 514

      b.     J Stevens Arms Company Single Gun

      c.     Remington Sportsmaster Model 511

      d.     O.F. Mossberg and Sons No. 44B

      e.     Marlin Family Firearms Company, Serial No. V314525

      f.     Remington Model 12C, .22 Rifle, Serial No. 497525

*Id.*, ¶¶ 12-14. A photograph of one of these firearms is set forth below:



Boucher Detention Affidavit, ¶ 9.

In addition, agents located in Miller's basement and seized a FedEx box containing approximately black powder, which had been shipped from Illinois to a third party in Belchertown, in violation of Title 18, United States Code, Section 842(i)(1).[1] Boucher Detention Affidavit, ¶ 10.

    c.    <u>Miller's Release and Apparent Removal of Hazardous Materials</u>

On April 9, 2025, United States Magistrate Judge Katherine A. Robertson conducted Miller's initial appearance. The Government informed the Court that based on the materials

---

[1] Title 18, United States Code, Section 842(i)(1) states: "(i) It shall be unlawful for any person — (1)who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to ship or transport any explosive in or affecting interstate or foreign commerce or to receive or possess any explosive which has been shipped or transported in or affecting interstate or foreign commerce." 18 U.S.C. § 842(i)(1).

known to be present Miller's residence, "MassDEP is greatly concerned about potential impacts to public safety. Accidental release, breaking of containers, mixing of incompatible or reactive chemicals and or a fire at the residence pose a serious risk to public safety. MassDEP strongly urges a full and comprehensive evaluation at the residence and removal of any remaining hazardous chemicals." The Court ordered that Miller be released subject to pretrial conditions, including the condition that Miller consent to MassDep's examination of his residence and removal of any hazardous materials. The Court also permitted Miller to return to his residence for the sole purpose of retrieving clothing and his cat. D.9, 11.

At approximately 9:00 a.m. on April 10, 2025, MassDEP began its examination of Miller's residence and discovered that numerous hazardous materials appeared to be missing. Miller also lied to MassDEP about his collection, such as by denying that he possessed the extremely hazardous material mercury.

3. <u>Legal Standard</u>

Under the Bail Reform Act of 1984, pretrial detention is required if the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The Court must find either (1) by clear and convincing evidence, that the defendant is a danger to the community or (2) by a preponderance of the evidence, that the defendant poses a risk of flight. 18 U.S.C. § 3142(f).

Title 18, United States Code, Section 3142(g) outlines factors permitted to be considered by the Court in determining whether to order pre-trial detention:

> [I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, [the judicial officer shall] take into account the available information concerning–

> (1) The nature and circumstances of the offense charged . . .;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole or on other release pending trial, sentencing, appeal, or completion of a sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

At the detention hearing, "the rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information . . . ." 18 U.S.C. § 3142(f).

4. <u>The Defendant Should Be Detained</u>

Miller should be detained because he is a danger to the community, and all of Section 3142(g) factors strongly favor detention.

a. <u>The Offense Is Grave</u>

The "nature and circumstances of the offense charged" clearly weigh heavily in favor of detention. 18 U.S.C. § 3142(g)(1). Miller's offense – a violation of 18 U.S.C. § 922(g) – involves fifty rounds of ammunition and six deadly firearms. Miller's offense is aggravated further by the nature and seriousness his one of his predicate felony cases – two counts of possession of

explosives, for which he received a hefty sentence of two and one-half years in a House of Correction.

        b.        <u>The Evidence Is Powerful</u>

The "weight of the evidence" is extremely strong and weighs heavily in favor of detention. 18 U.S.C. § 3142(g)(2). FBI agents located the firearms during the lawful execution of a search warrant at Miller's residence, and they located the bullets in Miller's bedside table and the firearms in a safe in his hallway closet. At the time of the search, Miller was the sole occupant of the residence.

        c.        <u>The Defendant's Personal History Favors Detention</u>

The defendant's "history and characteristics" also favor detention. 18 U.S.C. § 3142(g)(3). As set forth below, Miller's prior criminal history underscores the danger that he poses to the community, particularly when coupled with the other material found in his residence – explosives, radiological material, and dangerous chemicals.

        d.        <u>The Defendant's Release Endangers the Community</u>

As described above, the defendant presents a grave danger to the community if released. In addition to his unlawful possession of firearms and ammunition, he also stockpiled explosives, radiological material, and dangerous chemicals. Moreover, after this Court released Miller, directed to him to return to his home for the sole purpose of retrieving clothing and a cat, and ordered that Miller consent to MassDEP's examination of his home for dangerous materials, Miller appears to have either removed or caused to be removed a substantial part of those materials. Miller further lied to the MassDEP concerning his storage of a large amount of the highly toxic mercury at his residence on April 10, 2025.

5. <u>Conclusion</u>

For the preceding reasons, the Government respectfully requests that the defendant be detained pending his trial.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:  /s/ *Steven H. Breslow*
STEVEN H. BRESLOW
(NY2915247)
Assistant U.S. Attorney
300 State Street, Suite 230
Springfield, MA 01105
413-785-0330
steve.breslow@usdoj.gov

**Certificate of Service**

I hereby certify that this document will be filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

By:  /s/ *Steven H. Breslow*
STEVEN H. BRESLOW
Assistant U.S. Attorney

Dated: April 10, 2025